## IN THE COURT OF APPEALS OF IOWA

No. 22-0702
Filed August 31, 2022

IN THE INTEREST OF L.N. and L.S.,
Minor Children

C.B., Mother,
      Appellant,

D.S., Father,
      Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Mark C. Cord III, District Associate Judge.

Parents appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Joseph W. Kertels of the Juvenile Law Center, Sioux City, for appellant mother.

Teresa A. O'Brien, Sioux City, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Molly Vakulskas Joly, Sioux City, attorney and guardian ad litem for minor children.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

This case involves the termination of parental rights of parents of three-year-old and two-year-old children. The juvenile court terminated the rights of the mother of both children and the father of the younger child.[1] Both the mother and father appeal.

## I.      Background

The family came to the attention of the Iowa Department of Human Services (DHS) in 2019 (before the younger child was born) following reports that the mother used methamphetamine while caring for the older child. The child was removed from the mother's custody and was adjudicated a child in need of assistance (CINA) later that year. At the time of disposition, custody remained with the DHS for placement with a relative, which could include the mother. The mother struggled, including testing positive for methamphetamine, but she was permitted to remain a placement option while DHS retained custody of the child.

The father was convicted of and incarcerated for possession of methamphetamine while the mother was pregnant with the younger child. Shortly after the younger child was born in early 2020, the child was adjudicated a CINA, but remained in the mother's custody. In May, at the time of disposition in the younger child's case, custody of the younger child remained with the mother and custody of the older child was returned to the mother.

---

[1] The parental rights of the father of the older child were terminated by separate order of the juvenile court in this proceeding. The father of the older child is not a party to this appeal. So all future references to "father" in this opinion refer to the father of the younger child.

Custody with the mother did not last. Later in 2020, during two separate traffic stops, law enforcement found marijuana and methamphetamine in the same vehicle as the mother. Following those stops, the DHS conducted drug testing on the mother and both children. All three came back positive for methamphetamine. As a result, in September, custody of both children was changed from the mother to the DHS.

Thereafter, the mother remained generally unemployed, failed to attend many of her group treatments, and regularly refused to participate in drug testing. She continued to socialize with known drug users and relapsed on both marijuana and methamphetamine. She had two mental-health hospitalizations in the six-month period before the termination hearing.

The State filed a petition to terminate parental rights in June 2021. The hearing on the petition was held on two dates in August. The father participated in the hearing by phone from prison.

Shortly after the hearing, but before the court ruled, the father was released from prison. He moved to a town one and one-half hours away from where the child was living. The mother joined him. The parents' decision to reside so far away from the child impeded their contact with the child.

The juvenile court issued a ruling in November. Rather than terminating parental rights, the court gave the parents an additional six months to work toward reunification pursuant to Iowa Code section 232.104(2)(b) (2021). In the order granting additional time, the court set a joint hearing for a CINA dispositional review and on the petition for termination of parental rights for February 2022. The hearing was later continued to March. The hearing was held as scheduled, and

the juvenile court terminated the parents' rights to the children. Both parents appeal.

## II.     Issues Presented

On appeal, both parents challenge the statutory grounds authorizing termination. They also object to the fact that the second termination hearing took place less than six months after the juvenile court's ordering granting them an additional six months to work toward reunification. The mother raises two additional issues, namely that termination was not in the children's best interests and a permissive exception should be applied to avoid termination.

## III.     Standard of Review

Appellate review of orders terminating parental rights is de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). This permits us to review the facts as well as the law to adjudicate the dispute anew. *Id.* In doing so, we give weight to the juvenile court's fact findings, especially as to witness credibility, but we are not bound by them. *Id.*

## IV.     Discussion

Review of orders terminating parental rights follows a three-step process. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). First, we determine whether a statutory ground for termination under Iowa Code section 232.116(1) has been established. *Id.* If it has, we determine whether termination is in the children's best interests, applying the principles spelled out in section 232.116(2). *Id.* If the first two steps are satisfied, we decide whether any exception in section 232.116(3) should be applied to preclude termination. *Id.* Then we address any additional claims raised by the parents. *In re K.M.*, No. 19-1637, 2020 WL 110408, at *1

(Iowa Ct. App. Jan. 9, 2020). However, if a parent does not challenge a step, we do not address that step. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). As the mother has challenged all three steps, we will address them all with respect to her. As to the father, we will only address the step he challenged—the first step. Then we will address their remaining claim regarding their reduced additional time to work toward reunification.

### A. Statutory Grounds

The juvenile court terminated the mother's rights under section 232.116(1)(h), (i), and (*l*), and the father's rights under section 232.116(1)(h) and (i). Both parents challenge termination on all grounds, but when the juvenile court terminates on more than one ground, we are not required to assess all grounds, as we may affirm on any ground supported by the record. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Consistent with that principle, we choose to limit our discussion to section 232.116(1)(h).

Termination under section 232.116(1)(h) requires proof that (1) the child is three years of age or younger; (2) the child has been adjudicated a CINA; (3) the child has been removed from the physical custody of the child's parents for at least six of the last twelve months; and (4) the child cannot be safely returned to the custody of the child's parents at the time of the termination hearing. *In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018) (interpreting section 232.116(1)(h)(4)'s use of the phrase "at the present time" to mean at the time of the termination hearing). The first three elements have been established by clear and convincing evidence, and the parents raise no challenge to them. Their challenge is to the proof of the fourth element. Both claim the child could have been returned to their custody.

The mother contends that she maintains housing, is enrolled in a high-school equivalency program, regularly participates in therapy, and has remained sober. The father argues he has complied with everything the DHS and service providers have asked of him.

While the parents have made some progress to better themselves and began following the directions of service providers, by the time of the second termination hearing they did not have a consistent track record that would suggest either can provide a stable home for these children. In the months leading up to the second termination hearing, the mother was generally unemployed, relapsed on both marijuana and methamphetamine, and was hospitalized twice for mental-health issues. Though the father appears to be working hard at his new job, he also relapsed on methamphetamine only three months before the termination hearing. And, it is important to note that both parents relapsed after the juvenile court gave them an additional six months to work toward reunification. Continued drug use after being offered services is evidence that parents are unable to provide "a safe and nurturing home." *In re D.M.J.*, 780 N.W.2d 243, 246 (Iowa Ct. App. 2010); *cf. In re J.P.*, No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020) (recognizing a parent's methamphetamine use creates a dangerous environment for children). We find that the children cannot be returned to either parent's custody, so the statutory grounds for termination are satisfied under Iowa Code section 232.116(1)(h) as to both parents.

### B. Best Interests

The mother also argues termination is not in the best interests of the children. "Even after we have determined that statutory grounds for termination

exist, we must still determine whether termination is in the children's best interests." *A.B.*, 815 N.W.2d at 776. "[W]e 'give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.'" *In re Z.P.*, 948 N.W.2d 518, 525 (Iowa 2020) (quoting *P.L.*, 778 N.W.2d at 39).

These children were two and three years old at the time of the second termination hearing, and, by the time of that hearing, they had been removed from their mother's custody for eighteen consecutive months. The mother has had multiple relapses with drug use. She has been unable to maintain gainful or regular employment, and, in the six-month period leading up to the termination hearing, she had two hospitalizations for mental-health issues. She is unable to provide a stable and nurturing home for her children. As the juvenile court accurately described it, the mother has been on a "merry-go-round" of dysfunction, with the mother only making "eleventh hour" efforts at participating in substance-abuse and mental-health treatment. *See In re D.M.*, 516 N.W.2d 888, 891 (Iowa 1994) (finding efforts "of very recent origin" to be an unpersuasive "eleventh hour attempt to prevent termination"); *In re K.A.*, No. 20-0979, 2020 WL 5946114, at *2 (Iowa Ct. App. Oct. 7, 2020) ("[E]leventh hour attempts do not warrant an extension of time or prevent termination of [parental] rights.").

In contrast, the children are doing well in their foster home and are having all of their developmental needs met. Following our review, we agree termination of the mother's parental rights is in the children's best interests.

### C.    Permissive Exception Based on Parent-Child Bond

The mother contends the children's bond with her is so great that it is detrimental to them to terminate her rights.  Iowa Code section 232.116(3)(c) permits the court not to terminate parental rights if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."    But, the exceptions in section 232.116(3) are permissive, not mandatory, and the burden to prove the exception is on the parent challenging termination.  *See A.S.*, 906 N.W.2d at 475–76.  Here, the evidence confirms that the mother has a bond with the children, but the mere "existence of a bond is not enough."  *See In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021).  It must be a closeness that, if severed, would be detrimental to the child.  *Id.*  There is no persuasive evidence that severing the relationship would be detrimental to the children.  Given the young ages of the children, the length of time they have been outside the mother's custody, and the other circumstances, we decline to apply section 232.116(3)(c) to block termination.  *See In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (declining to apply section 232.116(3)(c) where a parent-children bond existed but the children were young and out of the care of their mother for nearly two years).

### D.    Timing of Second Hearing in Relation to Six-Month Extension

As previously noted, after the termination hearing held in August 2021, the juvenile court issued its ruling in November 2021.  In that ruling, the court declined to terminate parental rights, gave the parents an additional six months to work toward reunification pursuant to Iowa Code section 232.104(2)(b), and set a second termination hearing for February 2022 (later continued to March).  Both

parents contend that it was improper for the court to hold the second hearing and terminate their rights before receiving the full benefit of the six-month extension granted by the November 2021 order.

We reject the parents' challenges. First, we note that "the court has jurisdiction to consider a petition to terminate parental rights during the six-month review period." *In re R.C.*, 523 N.W.2d 757, 760 (Iowa Ct. App. 1994). The six-month period provided by section 232.104(2)(b) is not "a minimum period which must run before review or modification." *Id.* If the court could not terminate before the end of the six-month period, it would lead to "absurd results" by depriving "the court of jurisdiction to protect the best interests of the child, which is our primary concern." *Id.* Second, because of the delay between the first termination hearing in August 2021 and the ruling issued in November, the parents had over six months between the time of the first and second hearings to demonstrate their ability to provide a safe home. The parents squandered that opportunity by relapsing on methamphetamine and generally continuing their same pattern of conduct with only minimal improvement. Under these circumstances, the juvenile court acted properly in holding the second termination hearing before the end of the six-month period.

## V.     Conclusion

Finding the juvenile court acted appropriately in terminating both parents' rights, we affirm as to both parents.

**AFFIRMED ON BOTH APPEALS.**